PER CURIAM.
Benjamin Warren brought suit in the United States Court of Federal Claims challenging his discharge from the United States Army. Mr. Warren sought correction of his military records, back pay, damages related to the Department of Veterans Affairs’ denial of his claim for service-connected disability benefits, and damages due to alleged constitutional violations. Mr. Warren appeals from the decision by the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. We affiim.
BACKGROUND
Mr. Warren enlisted in the United States Army Reserves in 1988 and entered active duty in May 1991. Prior to being inducted into active service Mr. Warren completed a mental status evaluation that indicated a normal condition, though he exhibited a “blunted and flat affect.” His medical records indicate no diagnosis of a psychiatric disorder during his enlistment in the Army. In February 1992, Mr. Warren went absent without leave (AWOL). Several months later, Mr. Warren voluntarily surrendered and was charged with AWOL. After consulting with legal counsel, Mr. Warren submitted a written request for discharge for the good of the service in lieu of trial by court-martial, and the Army discharged him under Other Than Honorable Conditions. Some time later Mr. Warren was diagnosed with paranoid schizophrenia.
Thereafter, Mr. Warren sought to have his discharge upgraded to an Honorable Discharge, alleging that he suffered from schizophrenia at the time of his enlistment and discharge. The Army Discharge Review Board and Army Board for Correction of Military Records denied his requests. Mr. Warren also filed an unsuccessful claim with the Department of Veterans Affairs (DVA) for service-connected disability benefits.
Mr. Warren next sought relief from the Court of Federal Claims. In his complaint, he requested correction of his military records, back pay, damages related to the DVA’s denial of his claim for benefits, and damages due to constitutional violations. Upon the government’s motion, the Court of Federal Claims dismissed Mr. Warren’s complaint for lack of jurisdiction, holding that the constitutional and veterans benefits claims were not within the court’s jurisdiction and that the court lacked jurisdiction under the Tucker Act to address Mr. Warren’s claims for correction of his records and back pay because his discharge was voluntary.
DISCUSSION
Because jurisdiction is a question of law, we exercise independent review over the Court of Federal Claims’ conclusion that it lacked jurisdiction to entertain Mr. Warren’s suit. See Tippett v. United States, 185 F.3d 1250, 1254 (Fed.Cir.1999). We review factual findings supporting the trial court’s jurisdictional determination under the clearly erroneous standard. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed.Cir.1999).
The Court of Federal Claims lacks jurisdiction under the Tucker Act to decide a claim relating to a military discharge if the discharge was voluntary. Moyer, 190 F.3d at 1318 (“If [the claimant’s] discharge was voluntary, his right to pay ended upon his *410 discharge. He thus would have retained no statutory entitlement to compensation, and consequently no money-mandating provision would support Tucker Act jurisdiction over his claim.”) (citing Adkins v. United States, 68 F.3d 1317, 1321 (Fed.Cir.1995)). A request for discharge is presumed to be voluntary, Tippett, 185 F.3d at 1255, but an otherwise voluntary request may be rendered involuntary if the claimant failed to understand the voluntariness of his actions due to mental incompetence. Scharf v. Dep’t of the Air Force, 710 F.2d 1572, 1574 (Fed.Cir.1983).
In his appeal before this court, Mr. Warren asserts that the trial court erred in finding that his discharge was voluntary because he was mentally impaired when he requested the discharge. Mr. Warren alleges that the trial court failed to take into account that, during a military mental evaluation, he exhibited a flat and blunted affect, a symptom of schizophrenia. He also contends that the trial court failed to consider the interpersonal problems he had at the time of his discharge and the fact that he was diagnosed with schizophrenia within one year of the discharge.
The Court of Federal Claims reviewed the evidence of record, including the facts raised by Mr. Warren in his brief filed with this court. The trial court considered among other evidence of record that Mr. Warren exhibited a flat and blunt affect during an evaluation and was experiencing interpersonal problems at the time of his discharge. However, there was no psychiatric diagnosis made at the time, and Mr. Warren presented no evidence that his condition was sufficient for a diagnosis of schizophrenia. The record did not establish that he suffered from a mental condition that prevented him from understanding the consequences of requesting a discharge, particularly when faced with the alternative of trial by court-martial. The trial court concluded that Mr. Warren’s later diagnosis of schizophrenia does not demonstrate that he suffered from this condition at the time of his discharge or that his alleged condition was severe enough to render his actions involuntary. On the record before us, we do not discern error in the trial court’s finding that Mr. Warren voluntarily requested a discharge.
In view of our conclusion on this issue, it is unnecessary for us to address the question of the applicability of the statute of limitations to the particular facts of this case.
In his brief, Mr. Warren also requests compensation for a service-connected disability. As the Court of Federal Claims explained in its opinion, it does not have jurisdiction to review the denial of veterans benefits.